Commonwealth, Appellant, *v.* Cameron.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Louise G. Herr* and *Andrew F. Lucarelli,* Assistant District Attorneys, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellant.

*Edward F. Browne, Jr.,* and *Richard C. Shay,* Assistant Public Defenders, and *Theodore S. Danforth,* Public Defender, for appellee.

OPINION BY HOFFMAN, J., December 11, 1974:

The sole issue on appeal is whether a suspect must be advised of his right to counsel at a police lineup if he has not been indicted or otherwise formally charged with a crime.

In the early morning hours of May 15, 1971, the victim Stanley Jenkins was robbed of his watch and money. Mr. Jenkins identified one Arnold Winder as the man who robbed him. Winder was arrested on February 28, 1972, and was taken to the Lancaster County Prison. Several days later Winder sent word to Detective James L. Benedict that he wanted to see him. At a meeting between the two, Winder told Detective Benedict that he did not commit the robbery, but that his cellmate knew who had. Malcolm Lucas, Winder's cellmate, was interviewed, and gave the police a statement that he had been at the scene of the robbery and that he had seen the appellee Herman Cameron rob the victim. That same afternoon the appellee was arrested on "suspicion of robbery", and taken to Lancaster County Prison whereupon he was placed in a lineup. He was not advised of his right to counsel nor was an attorney present at the lineup. The victim picked Cameron out as the man who had robbed him. As a result of this identification on March 1, 1972, ten months after the robbery, appellant was charged with robbery by assault and force, and was found guilty by a jury on said charge.

The Honorable Wilson BUCHER, the trial judge, granted defendant's motion for a new trial on the basis of our opinion in *Commonwealth v. Lee,* 215 Pa. Superior Ct. 240, 257 A. 2d 326 (1969), which held that a person in custody, although not formally charged, must be advised that he has a right to counsel at an identification procedure. The Commonwealth argued in opposition that the decision of *Kirby v. Illinois,* 406 U.S. 682 (1972), the Supreme Court refused to extend *United*

*States v. Wade,* 388 U.S. 218 (1967), which had established a right to counsel at post-indictment lineups. The Court held that such a right does not extend to a preindictment situation where formal charges have not been made, and where the investigatory process is being pursued.

The lower court refused to accept Commonwealth's argument, saying in its opinion: "[T]he Court interprets Lee as setting a higher standard in this area than is required in the Wade . . . and Kirby . . . decisions above."

On May 22, 1974, our Supreme Court filed opinions on this very issue. *Commonwealth v. Richman,* 458 Pa. 167, 320 A. 2d 351 (1974). In an unanimous decision, with three Justices filing concurring opinions, Justice Nix writing for the Majority said: "Kirby does not establish an all inclusive rule; rather, the line to be drawn depends upon the procedure employed by each state. . . . While the plurality in Kirby attaches some significance to the indictment, they specifically mention several benchmarks: 'formal charges, preliminary hearing, indictment, information, or arraignment.' 406 U.S. at 689. We are convinced that it would be artificial to attach conclusionary significance to the indictment in Pennsylvania. Rather, we hold that Commonwealth v. Whiting, 439 Pa. 205, 266 A.2d 738 (1970), appropriately draws the line for determining the initiation of judicial proceedings in Pennsylvania at the arrest.

"As we noted in Whiting, the policy behind the Wade rule applies with equal force to all confrontations conducted after arrest. Kirby only instructs us to limit that rule where the limitation would benefit the interest of society in the prompt and purposeful investigation of an unsolved crime. In light of Pennsylvania's procedure, we find no countervailing benefit where the lineup occurs after arrest."

As appellant was under arrest at the time of the lineup, he was entitled to counsel at such a proceeding. Our Supreme Court has refused to dilute the protections enunciated in *Whiting* and *Lee*. Adopting a standard of procedure that affords the accused a greater protection than the minimal safeguards available under the *Wade-Kirby* decisions, this Commonwealth has, as it may, fashioned and drawn the line "for determining the initiation of judicial proceedings in Pennsylvania at the arrest." Having received no countervailing judicial statements on the vitality of law decided before *Kirby*, the trial court correctly followed the *procedural* dictates of Pennsylvania precedent.[1]

The order granting defendant a new trial is affirmed.

VAN DER VOORT, J., concurs in the result.

---

[1] A trial court could not ignore a decision of the United States Supreme Court which, on constitutional grounds, declared a standard providing greater individual safeguards than the State had previously allowed. In that case, the substantive constitutional decision would overrule and invalidate previous state law on the subject.